IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

GREENWOOD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | <u>FINDINGS OF FACT, CONCLUSIONS</u> |
| Plaintiff, ) | OF LAW AND ORDER |
| ) | |
| vs. ) | C/A No. 8:07-1596 |
| ) | |
| Georgia E. Collins, Phillips ) | |
| Home Builders, Union Mortgage ) | |
| Company, Inc., ) | |
| ) | |
| Defendants. ) | |

This action is brought by the United States of America to foreclose one real estate mortgage. Upon consideration of the Complaint of plaintiff, the Affidavit of Default and Amount Due as to **George E. Collins**, **Phillips Home Builders**, **Union-Mortgage Company**, Inc., I make the following Findings of Fact:

The Lis Pendens herein was filed in the Office of the Clerk of Court for Abbeville County, South Carolina on July 20, 2007, 2007, in Book 07, at Page 59, and defendants were duly served with a copy of the Summons and Complaint as shown by the receipt of Summons and Complaint and Affidavit of Publication on file herein. No answer or other defense has been filed by the defendants and default was entered on <u>February 7, 2008</u>, in the Office of the Clerk of Court, and no proceedings have been taken by the said defendants since entry of default.

On or about June 30, l981, for value received, Georgia

1

E. Collins made, executed and delivered to the United States of America, acting through Rural Development, United States Department of Agriculture, and its assigns, a certain mortgage note in writing whereby she promised to pay the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, the principal sum of $35,500.00 with interest from date at the rate of 13 percent per annum on the unpaid balance until paid, payable in installments of principal and interest as therein provided, to wit:

> The sum of $391.00 on July 28, 1981, and equal and successive installments in the sum of $391.00 thereafter on the 28th of each month until fully paid, except that if not sooner paid, the final installment would be due and payable thirty-three (33) years from the date of the aforesaid promissory note.

On or about June 30, 1981, in order to secure the payment of the indebtedness represented by the mortgage note described herein, and in accordance with the terms thereof, the said Georgia E. Collins executed in favor of the United States of America, acting through Rural Development, United States Department of Agriculture, and its assigns, a mortgage whereby she granted, bargained, sold and released unto the mortgagee, and its assigns, the real estate situated in the County of Abbeville, State of South Carolina, to-wit:

> A lot of land situate in or near the Town of Calhoun Falls, County of Abbeville, State of

>South Carolina, fronting approximately 90.02 feet on the Easterly side of S.C. Highway No. 81.  Said lot is bounded on the North by Lot 10; on the East by Lots 231, 232, and 233; on the south by the remaining portion of Lot 6; and on the West by S.C. State Highway No. 81. This lot is more particularly described on a plat by John H. Welborn dated June 10, 1981, recorded in the OCC for Abbeville county in Plat Book 25, at Page 294.  Reference is made to the aforementioned plat for exact metes, bounds and distances.
>
>This is the identical property conveyed to Georgia E. Phillips by deed of Jerry S. and Joyce P. White, recorded on June 30, 1981 in the OCC for Abbeville County in Deed Book 132, at page 150.

The mortgage was duly recorded in the Office of the Clerk of Court for Abbeville County, South Carolina, on June 30, 1981, in Book 72, Page 858.

In said mortgage the defendant covenanted and agreed to pay promptly all installments of principal and interest as they became due according to the terms of the note aforesaid, together with annual mortgage insurance premiums, premiums on policies of fire and other hazard insurance covering the mortgaged property, plus taxes and special assessments as provided in said mortgage.

The aforesaid note and mortgage is in default and the defendant, has failed and refused to reinstate the note account to a current status, although due demand has been made upon to do so. The plaintiff has elected to declare the entire amount due upon said notes and mortgages, together with all amounts due for

3

charges, advances, mortgage insurance, taxes and insurance premiums now due and payable.

The amount due and owing to the plaintiff herein on the note and mortgage aforesaid is the sum of $56,494.64, as of November 2, 2004, with a daily interest accrual thereafter at the rate of 12.06$, as is shown in the Affidavit of Default and Amount Due on file herein.  This loan is subject to interest credit recapture.

The plaintiff has waived claim to a deficiency judgment in this matter.

The defendant, **PHILLIPS HOME BUILDERS**, is made a party to this action by reason of a mortgage from Georgia E. Collins dated August 31, 1989 and recorded on September 25, 1989 in the OCC for Abbeville county in Mortgage Book 0-K, at Page 248, in the original amount of $11,153.92.  Said mortgage is junior in priority to the mortgage lien of the plaintiff.

The defendant, **UNION MORTGAGE COMPANY, INC.** is made a party to this action by reason of a mortgage from Georgia E. collins dated September 18, 1990 and are recorded October 15, 1990 in the OCC for Abbeville County in Mortgage Book 9-0, a Page 525 in the original amount of $10,833.00.  Said mortgage is junior in priority to the mortgage lien of the plaintiff.

CONCLUSIONS OF LAW

4

I conclude that as a matter of law the plaintiff is entitled to have its mortgages foreclosed and the property therein described sold and the proceeds applied to the payment of the debt owing to the plaintiff.  It is, therefore,

<u>ORDERED</u>:  That defendant, , and all persons claiming by, through and under be, and they are, hereby forever barred and foreclosed of all right, title, interest and equity of redemption in and to the mortgaged premises and to any part thereof, and that the said property described in the real estate mortgages be sold, subject to ad valorem taxes, by the United States Marshal for the District of South Carolina, at public sale at the Abbeville County, South Carolina Courthouse on the earliest possible date, after publication of notice of sale once a week for four weeks prior to the sale in the **INDEX-JOURNAL**, a newspaper regularly issued and of general circulation in Abbeville County, South Carolina, to the highest bidder for cash, the purchaser of said real estate to pay extra for deed and revenue stamps.

The Marshal shall require the successful bidder at the sale, other than the plaintiff in this action, to deposit with him immediately thereafter cash or certified checks in the amount of five (5%) of his bid as guaranty of good faith and as security for compliance with his bid.  The plaintiff, having waived a deficiency judgment against the defendant, the bidding will not remain open for the customary period of thirty (30) days following the sale of

the property.

Should any successful bidder fail to comply with his bid within ten (10) days from the date of sale, his deposit shall be forfeited, and immediately without further order, the United States Marshal shall readvertise and resell the mortgaged property on the earliest possible date thereafter, on the same terms and conditions, and at the risk of the defaulting bidder.  The plaintiff may become a purchaser at the sale or any resale.  Upon compliance by the purchaser with his bid, and with the terms of sale, the United States Marshal shall make, execute and deliver to the purchaser a good and sufficient fee simple deed of conveyance of the premises so sold, and the purchaser shall be let into the possession of the premises upon production of his deed.  All persons holding adversely to the purchaser shall be ejected by the United States Marshal.

IT IS FURTHER ORDERED:  That from the proceeds of sale, the United States Marshal shall pay the costs and expenses of this action, the amount due the plaintiff as herein found and determined and the surplus, if any, be held pending further order of this Court.

After the sale of the premises, and as soon as the sale by the United Marshal is complete, and has been approved by the Court, the mortgagor(s), or persons(s) in possession, shall within fifteen days of the date of approval by the Court, move from the

premises, and give up the premises, without damage or vandalism. Upon failure of any mortgagor(s) or person(s), in possession in the name of, because of the mortgagor(s), to vacate premises within fifteen days of the date of approval by the Court, the United States Marshal **Or Sheriff** is authorized, empowered and directed to enter upon the premises, and forcibly eject the parties therefrom, unless prior to such date, the mortgagor(s) or person(s) in possession have obtained from the Court an Order extending the time which said mortgagor(s) or person(s) shall have to vacate said premises.  The United States Marshal (or his deputies)**or the Sheriff** is also authorized to remove from the premises any furniture or other possessions of the mortgagor(s) or person(s) in possession, and any interference with the activities of the Marshal will be upon pain of contempt of Court.

                                              S/Henry F. Floyd
                                              UNITED STATES DISTRICT JUDGE

Spartanburg, S. C.

February __29___, 2008